IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CURTIS R. RADICK,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **UNION PACIFIC CORPORATION** | § | |
| **d/b/a UNION PACIFIC RAILROAD** | § | |
| **Defendant.** | § | **JURY DEMAND** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes, Plaintiff, CURTIS R. RADICK ("RADICK" or "PLAINTIFF"), complaining of UNION PACIFIC CORPORATION d/b/a UNION PACIFIC RAILROAD ("UNION PACIFIC" or "DEFENDANT"), and for cause of action would show the Court the following:

### A.  NATURE OF CASE

1. Plaintiff brings this action under the American with Disabilities Act, as amended, ("ADA"), Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.001 et seq., to address Defendant's unlawful employment practices.

### B.  PARTIES

2. Plaintiff, CURTIS R. RADICK, is a male individual who is a citizen and resident of Harris County, Texas.

3. Defendant, UNION PACIFIC CORPORATION d/b/a UNION PACIFIC RAILROAD (hereafter "Union Pacific" or "Defendant") is a foreign, for profit, Nebraska corporation that can be served with process by serving its registered agent, CT Corporation System, or another person authorized to accept service, at the

business address at Union Pacific Corporation, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

### C.  JURISDICTION AND VENUE

4. The Court has jurisdiction over the lawsuit because this suit arises under the American with Disabilities Act, as amended, ("ADA") a federal statute.

5. This Court has supplemental jurisdicition over Texas State law claims discussed below pursuant to 28 U.S.C §1367(a) because they arise out of the same case or controversy.

6. Venue is proper in the Southern District of Texas-Houston Division because all, or a substantial part, of the event or omissions giving rise to the charged conduct occurred in this district.

### D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission-Human Rights Division. See Exhibit "1".   Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.  A copy of the notice of the right to sue is attached as Exhibit "2".

### E.  AMERICANS WITH DISABILITIES ACT

8. Plaintiff is disabled, as defined by the Americans with Disabilities Act, as amended, ("ADA" & "ADAAA"). Plaintiff is otherwise qualified to perform the essential functions of the job he was assigned to do.

9. Plaintiff, CURTIS R. RADICK, was discriminated against by his employer because of his disability, alcohol dependance, in remission. He was subjected to a hostile work environment and was suspended.

10. Defendant violated the ADA by intentionally discriminating against Plaintiff on the basis of his disability. Defendant's discriminatory acts includes retaliation and suspension.

11. Defendant hired Radick around February 10, 1982, his latest position was Electrician. He had served Union Pacific for about 31 years.

12. On July 7, 2013, Radick was observed sleeping during his third shift, about 2:00 a.m. in La Porte, Texas (Strang Yard) by one of the supervisors, Cyrus Holiday. A shift manager, David Walder, was called and had a breath test and urinalysis done on Plaintiff (which he passed) and returned him to finish his tour of duty.

13. Plaintiff was placed on a Waived Level 3 and 60 days' probation by Cyrus Holiday, Supervisor, and David Walder, Shift Manager. Kari Johnson, Administrative Manager, said that she wanted to put him on a Level 3 with 12 month's probation which is standard for a first-time sleeping offense. Her recommendation was not adopted because Brian Meyer, Director of the Houston Locomotive Facility, wanted to put Plaintiff on a Level 5 Termination pending investigation, claiming that he had brought personal items for sleeping, together with using company assets and utilities to facilitate an indifference to duty. Plaintiff's union was able to negotiate an agreement in which the company did a Leniency Level 5 and gave him Level 3 with 18 month's probation, no road truck position for 18 months, and restricted him to the Houston Diesel Shop. However,

when Plaintiff signed the agreement on August 7, 2013, he was under a state of duress.  Other employees who had slept on duty were given the standard Level 3 with 12 months' probation or **no discipline** at all.

14. Plaintiff was retaliated against for a previous incident of a positive breathalyzer on a Department of Transportation test.  Brian Meyer wanted to restrict Plaintiff to the Houston locomotive facility only where he could keep a close eye on Plaintiff, even though, Plaintiff had completed four months of rehabilitation and was released by a professional doctor and the Employment Assistance Program ("EAP").

## **F. DAMAGES**

15. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

    a. Plaintiff was denied his job position, even after he was cleared by a professional doctor and the EAP to go back to work;

    b. Plaintiff suffered loss of overtime during the period of separation from the company;

    c. Plaintiff suffered mental anguish and emotional distress, humiliation, and loss of enjoyment of life;

    d. Plaintiff seeks compensation for all lost wages and benefits; and

    e. Plaintiff is entitled to prejudgment interest on lost wages and benefits and postjudgment interest on all sums.

### G.  ATTORNEY FEES & COSTS

16. Plaintiff is entitled to an award of reasonable attorney fees and costs under 42 U.S.C. §12205.

### H.  DEMAND FOR JURY

17. Plaintiff demands a jury trial.

### I.  PRAYER

18. For these reasons, Plaintiff asks that Defendant be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendant and the Court order relief that includes the following:

   a. Declare Defendant's conduct to be in violation of Plaintiff's rights;

   b. Award Plaintiff back pay;

   c. Award Plaintiff compensatory damages for emotional pain, suffering, humiliation, mental anguish, and loss of enjoyment of life;

   d. Award Plaintiff special and nominal damages for injuries caused by Defendant's conduct;

   e. Order Defendant to pay Plaintiff's costs and attorney fees; and

   f. Order and grant other relief as is proper and just.

Respectfully submitted,

LAW OFFICES OF KEITH LOVELACE
8303 Southwest Freeway, Suite 975
Houston, Texas 77074-1622

By: /s/ Keith Lovelace
    Keith Lovelace
    SBN 12600700
    SDTBN 19678
    713/777-0500 Office
    713/995-5555 Facsimile
klovelace@lovelacefirm.com

**ATTORNEY FOR PLAINTIFF,
CURTIS R. RADICK**